**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:09cr27**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **PRELIMINARY ORDER** |
| | ) | **OF FORFEITURE** |
| | ) | |
| **NATHANIEL GURU THOMPSON** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture [Doc. 31]. No response has been received from the Defendant.

**PROCEDURAL HISTORY**

On April 7, 2009, the Defendant was charged in a two count bill of indictment with distribution in interstate commerce of child pornography and possession thereof, in violation of 18 U.S.C. §§2252(a)(2) & (a)(4)(B). [Doc. 1]. The indictment contains a notice of forfeiture of

all property involved in the violations alleged in this Bill of Indictment, including but not limited to all real property and personal property listed below; ...

HP laptop computer, Serial #CNF7370QVM
Wireless Router Serial #BN1Y135001206

[Id., at 3].

On April 9, 2010, the Defendant entered into a plea agreement with Government pursuant to which he agreed to plead guilty to Count Two. [Doc. 27-1]. The plea agreement contains the following provision:

The defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Bill of Indictment including, but not limited to, all assets specifically listed in the Bill of Indictment and all assets listed in any separate list or consent order signed by the defendant.

[Id., at 8].

On April 13, 2010, the Defendant attended his Rule 11 hearing and entered his plea of guilty to Count Two. [Doc. 29]. The Government thereafter moved for a preliminary order of forfeiture.

**DISCUSSION**

Federal Rule of Criminal Procedure 32.2(b) provides in pertinent part:

As soon as practicable after a ... plea of guilty ... is accepted, on any count in an indictment ... regarding which criminal forfeiture is sought, the court must determine what property is subject to

forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. ... The court's determination may be based on evidence already in the record, including any written plea agreement[.]

Fed.R.Crim.P. 32.2(b)(1).

18 U.S.C. §2253 provides that a court shall order a person convicted of 18 U.S.C. §2252(a)(4)(B) to forfeit "to the United States such person's interest in ... any property, real or personal, used or intended to be used to commit or to promote the commission of such offense[.]" In its motion, the Government specifically identifies two items which were seized during the investigation; a laptop computer and the router. [Doc. 31, at 2]. These two items were also included in the forfeiture notice of the indictment. [Doc. 1, at 3]. The Defendant agreed in his plea agreement that these items are to be forfeited. [Doc. 27-1, at 8]. The Court finds the admissions of the Defendant in his plea agreement establish a nexus between the property listed below and the offense. As a result, the Court will enter a preliminary order of forfeiture as to those items.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture [Doc. 31] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the following items are hereby preliminarily forfeited to the United States for disposition according to law:

1.      HP laptop computer, Serial #CNF7370QVM

2.      Wireless Router Serial #BN1Y135001206.

**IT IS FURTHER ORDERED** that the United States shall comply with all applicable substantive and procedural provisions prior to seeking a final order of forfeiture and shall provide notice thereof to the Court.

Signed: July 5, 2010

Martin Reidinger
United States District Judge